UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Pink Floyd (1987) Limited

                              Plaintiff,

v.

Case No.: 1:21−cv−03339

Honorable Steven C. Seeger

The Partnerships and Unincorporated Associations
Identified on Schedule "A", et al.

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, June 2, 2022:

      MINUTE entry before the Honorable Steven C. Seeger: This Court presided over a telephonic hearing on June 2, 2022. Plaintiff's counsel participated. Defendant Jinjie did not, despite an Order from this Court directing him to do so. This Court has raised repeated concerns about whether the person who purports to be Defendant Jinjie is, in fact, Jinjie, as opposed to a lawyer masquerading as a pro se litigant in China. As this Court noted months ago, Defendant's motions do not read like they were written by a pro se litigant in China. (Dckt. No. [48], [56], [63]) They read like they were "drafted by a lawyer, who did not reveal himself or herself and did not enter an appearance on the docket. This Court will not accept filings ghost written by lawyers who do not reveal themselves. The lawyer must come out of the shadows." (Dckt. No. [48]) The Court discussed this issue during the hearing with Plaintiff's counsel, and heard about their first−hand dealings with the person who purports to be a Chinese national, who apparently cannot speak Chinese. Plaintiff's counsel participated in phone calls with the person who purports to be Defendant Jinjie on May 11, and again on May 26. Plaintiff's counsel astutely memorialized the latter call with a court reporter, and the Court has reviewed that transcript (Dckt. No. [77]−2) in detail. Based on the record, this Court concludes by a preponderance of the evidence that Defendant Jinjie −− and whoever the lawyer is who remains hidden in the shadows −− has committed a fraud on the Court. The record overflows with evidence that the person is not the person he says he is, and that the person handling the filings and communicating with counsel and the Court is not, in fact, a pro se litigant and a Chinese national. The record includes abundant evidence of evasiveness and other efforts to hide one's identity and cover one's tracks. The record amply supports the following facts: (1) Defendant Jinjie's filing on March 8, 2022 (Dckt. No. [43]) referred to herself as a woman, as demonstrated by references to "Ms. Jinjie" and "she," but a man spoke with Plaintiff's counsel during the two telephone calls and purported to be Defendant Jinjie; (2) the filings by Defendant Jinjie reflect a high level of sophistication, expertise, and familiarity with complicated legal issues, and the caliber of the filings is not consistent with a pro se litigant in a foreign country who is "unfamiliar with the American legal system" (Dckt. No. [43], at 1); (3) during the phone calls with Plaintiff's counsel, the

person purported to be a Chinese national living in China, but refused to speak Chinese, despite repeated requests to do so; (4) during the phone calls with Plaintiff's counsel, the person did not seem to understand when Plaintiff's counsel spoke to him in Chinese; (5) during the phone calls with Plaintiff's counsel, the person became belligerent when asked to speak in Chinese; (6) during the phone calls with Plaintiff's counsel, the person did not seem familiar with China generally, as illustrated by the struggle to identify what district he lived in, and where the nearest police station is; (7) the person on the phone calls had no Chinese accent, but did have a British accent; (8) the voice of the person was consistent with the voice of Simon Barnes, a British lawyer who has dealt with Plaintiff's counsel in other cases, and who has a track record of falsely presenting himself as a Chinese pro se litigant in other cases in this District (Dckt. No. [77]−1); (9) the voice of the person was consistent with the message on the voicemail box of Simon Barnes; (10) during the latter call with Plaintiff's counsel, the person appeared to use some type of electronic masking or modulation to disguise the sound of his voice; (11) during the phone calls with Plaintiff's counsel, the person used language consistent with language that a lawyer would use, such as "I object to the form of that question" and "asked and answered"; (12) the person refused to do a video call with Plaintiff's counsel, and falsely stated that a video call from China was not doable; (13) the address provided by Defendant Jinjie is not a residence in China at all, but rather is a school; (14) when asked about his address in China during the call, the person spoke inaudibly, despite repeated follow−up questions to repeat it from Plaintiff's counsel, as revealed in the transcript from May 26, 2022; (15) Defendant Jinjie filed a motion to vacate the May 24, 2022 hearing based on the notion that he was bed−ridden with bronchitis, but did not cough a single time and sounded healthy during the call with Plaintiff's counsel on May 26, 2022; (16) during the first call with Plaintiff's counsel, the person abruptly ended the call, and simply hung up; and (17) during the latter call with Plaintiff's counsel, the person was beyond evasive, from start to finish. (As an aside, it did not escape this Court's attention that, in a letter from Defendant Jinjie to the Court on June 2, 2022 (Dckt. No. [76]), Defendant used the word "queue," which is consistent with British English.) That list is long, but undoubtedly under−inclusive. The punchline is that the Defendant is not who he/she purports to be. All filings by Defendant Jinjie are hereby stricken. The stricken pleadings include the motion to set aside the default (Dckt. No. [43]), as well as the motion to dismiss (Dckt. No. [44]), which Defendant later withdrew anyway (Dckt. No. [73]), and everything else. The Defendant/Ghost−Lawyer has demonstrated other evasiveness, too, such as bowing out of two Court hearings at the last minute and refusing to participate in the discovery process. The Court finds that Defendant has violated a series of Court Orders, including Orders to participate in hearings and in the discovery process. The Court also finds that Defendant violated this Court's Orders requiring him to submit Word versions of filings, so that the Court could assess the metadata. (Dckt. Nos. [63], [67], [69]). The failure to comply with a series of Court Orders is an independent basis for entering judgment against Defendant Jinjie. Separately, on the merits, the Court concludes that Defendant has not demonstrated good cause for setting aside the default. See Fed. R. Civ. P. 55(c). In sum, Defendant Jinjie apparently had a strategy of trying to litigate this case through a Ghost−Lawyer, who purported to be a pro se litigant and a Chinese national. If Defendant Jinjie hoped to pull the wool over this Court's eyes, it didn't work, because this Court can see right through it. The Court will enter judgment against Defendant Jinjie. Judgment Order to follow. Plaintiff's counsel shall serve a copy of this Order and the ensuing Judgment Order on Defendant Jinjie and file a certificate of service. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.